IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: 25-11193-SMR-7 |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| DAWN GALINDO, | § | |
| *Debtor* | § | CHAPTER 7 |

## DEBTOR'S REBUTTAL TO PRESUMPTION OF ABUSE UNDER 11 U.S.C. § 707(B)

COMES NOW Dawn Galindo, the Debtor, by and through undersigned counsel, and respectfully submits this Rebuttal to the Presumption of Abuse as indicated by the Chapter 7 Means Test calculation, pursuant to 11 U.S.C. § 707(b)(2)(B), in support of Debtor's continued eligibility for Chapter 7 relief in the United States Bankruptcy Court for the Western District of Texas. The Means Test, as completed and filed, reflects a disposable income which gives rise to a presumption of abuse under 11 U.S.C. § 707(b)(2). However, the Debtor asserts that this presumption is subject to rebuttal due to the temporary nature of the current disposable income. The circumstances leading to the current elevated disposable income are not representative of the Debtor's future financial condition.

### TEMPORARY NATURE OF DISPOSABLE INCOME

The disposable income reflected in the Means Test is artificially inflated due to her short-term employment. Debtor's employment at the Austin Police Department is a temporary grant job

that is currently scheduled to end in December 2025 and will not recur. The Debtor has attached a copy of the employment acceptance letter as Exhibit A to substantiate the claim that the disposable income is temporary. After Debtor's temporary employment ends, Debtor's only source of income will be her retirement income. As a result, multiplying Debtor's current disposable income by 60 does not accurately reflect the future disposable income of the Debtor. Debtor passes the means test when only her retirement income is taken into consideration because her monthly retirement income of $5,845 yields an annual income of $70,140 which is below the median income of a household of two people in Texas.

## LEGAL BASIS FOR REBUTTAL

Pursuant to 11 U.S.C. § 707(b)(2)(B), the Debtor may rebut the presumption of abuse by demonstrating special circumstances that justify additional expenses or adjustments to current income. The temporary nature of the Debtor's disposable income as described above qualifies as a special circumstance, as it does not accurately reflect the Debtor's ability to repay creditors in the future. A temporary spike in income, particularly due to non-recurring events, should not be the basis for a finding of abuse.

## PRAYER

For the reasons stated above, the Debtor respectfully requests that the Court find the presumption of abuse has been successfully rebutted and allow the Debtor to proceed under Chapter 7. The Debtor's future income will be significantly reduced and does not support the conclusion that Chapter 7 relief would constitute an abuse of the Bankruptcy Code.

Respectfully submitted,

**LAW OFFICE OF JAMES D. LYNCH, P.L.L.C.**
3000 Joe DiMaggio Blvd. Ste. 90
Round Rock, Texas 78665
Telephone: (512) 745-6347

By: */s/ James D. Lynch*
    James D. Lynch
    SBN 24098820
    info@jimlynchlaw.com

**ATTORNEY FOR DEBTOR**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 9, 2025, a true and correct copy of the foregoing was served via electronic means to the Trustee, the U.S. Trustee, Parties in Interest, and Parties Requesting Notice as listed on the Court's ECF noticing system.

By:   */s/ James D. Lynch*

      James D. Lynch